W. W. OXSHEER v. W. T. WATT.

No. 627.—Decided January 21, 1898.

**Chattel Mortgage—Registration—Statute Construed.**

The provision of art. 3328, Rev. Stats., that chattel mortgages shall be filed in "the county where the property shall then be situated or, if the mortgagor or person making the same be a resident of this State, then of the county of which he shall at the time be a resident," is complied with by filing in the county where the property is situated, though the mortgagor resided in the State and in another county. (Distinguishing Chator v. Brunswick Co., 71 Texas, 588.) (Pp. 402 to 405.)

ERROR to the Court of Civil Appeals for the Third District, in an appeal from McLennan County.

Watt sued F. G. Oxsheer and John T. Beall upon a promissory note and for foreclosure of a chattel mortgage upon property claimed by W. W. Oxsheer, who was made a defendant. Plaintiff had judgment for his debt and for foreclosure, and W. W. Oxsheer appealed and upon affirmance by the Court of Civil Appeals obtained writ of error. The case upon certified questions is reported ante, p. 124.

*Harris & Saunders*, for plaintiff in error.—The instrument offered in evidence being what purported to be a copy of the original, recorded in a county where the law did not authorize its record, the copy was invalid as evidence and ought to have been excluded. Rev. Stats., arts. 3190b, 3328; Chator v. Brunswick, 71 Texas, 588; Brothers v. Mundell, 60 Texas, 240; Oxsheer v. Tandy, 32 S. W. Rep., 372.

*J. R. Downs* and *Richard I. Munroe*, for defendant in error.—A chattel mortgage may be filed either in the county where the mortgagor resides or in the county where the property is situated at the time it is filed. Sayles' Civ. Stats., arts. 3190b, 4341; Rev. Stats., art. 3330; Acts 22nd Leg., p. 38; Reed v. Spikes, 15 S. W. Rep., 122; Grounds v. Ingram, 12 S. W. Rep., 1118; Am. & Eng. Encycl., Law, article "Or"; Rapalje and Mack, Law Dic.; Ames Iron Works v. Chinn, 38 S. W. Rep., 247.

BROWN, ASSOCIATE JUSTICE.—The application for writ of error in this case presents a number of objections to the judgment of the District Court, but we deem it unnecessary to discuss any one of them except the second, which is in the following language: "The court erred in admitting in evidence over the objection of W. W. Oxsheer, as shown by his bill of exceptions, the certified copy of the alleged mortgage from F. G. Oxsheer to J. S. Corley, trustee, for the use of W. T. Watt, dated April 10, 1891."

This assignment is based upon the following statement of facts: The mortgage in question was executed by F. G. Oxsheer to J. S. Corley, trustee, upon fifty mares, at the time located in Taylor County. The

mortgage was given to secure a debt due to W. T. Watt, and it recited upon its face that F. G. Oxsheer resided in Mitchell County, Texas, and did not state in what county the property was located. The mortgage was regularly filed and recorded in the County of Taylor. Subsequent to this transaction Oxsheer gave another deed of trust, to secure another creditor, which embraced the same property, which last deed of trust was foreclosed by sale, and W. W. Oxsheer purchased the property, including that which was embraced in the mortgage in question in this suit. Watt sued F. G. Oxsheer to recover his debt and foreclose the mortgage and made W. W. Oxsheer a party defendant, as then claiming and having possession of the property embraced in the mortgage. Upon the trial the plaintiff offered in evidence a certified copy of the said mortgage, made by the Clerk of the County Court of Taylor County as required by the statute; to which W. W. Oxsheer objected, for the following reasons:   (1) That the original mortgage was not accounted for; (2) that the execution of the original mortgage had not been proved; (3) that the record of the mortgage in Taylor County was not authorized by law; (4) that the description of the property contained in the mortgage was so vague and uncertain as to render the mortgage void.   All of which objections were overruled by the court and the certified copy read in evidence.

It appeared from the certificate of the Clerk of the County Court of Taylor County that the original mortgage was on deposit in his office, and the certified copy was therefore admissible the same as the original would have been if it had been offered.   Art. 3330, Rev. Stats.

The execution of the mortgage by F. G. Oxsheer was proved by his own testimony and the fourth objection has been decided by this court adversely to the contention of the applicant in an opinion delivered in this case upon certified question.   This leaves for our consideration the one question, was the registration of the mortgage in Taylor County, where the property was situated, authorized by law?

Prior to the enactment of the law known as the Chattel Mortgage Act, in 1879, the registration of mortgages upon personal property was regulated by a statute passed February 5, 1840, which is embraced in article 4651 of the Revised Statutes in this language:   "Every deed, mortgage, or other writing respecting the title of personal property hereafter executed which by law ought to be recorded, shall be recorded in the clerk's office of the County Court of that county in which the property shall remain."   Under this law all mortgages, whether made by residents or non-residents, were required to be recorded in the county in which the property was situated, and it is a well known fact that in a large portion of our State, which is devoted mainly to the raising of cattle and other stock, it is not unfrequently the case that it is very difficult if not impossible to determine in what county property running upon the range or even in the pasture is situated, for frequently in that section of country a pasture will embrace portions of more than one county, and stock which run at large upon the range scatter over a

large area of territory. The evil under this law was that the mortgagee was liable to record his mortgage in the wrong county, and thereby fail to secure his lien against subsequent purchasers and lien-holders, and purchasers did not know where to look for the record of such lien; to remedy this evil the article of the statute under investigation in this case was enacted as a part of the law known as the Chattel Mortgage Act, passed in the year 1879, and which reads as follows:

"Art. 3328. Every chattel mortgage, deed of trust or other instrument of writing intended to operate as a mortgage of or lien upon personal property, which shall not be accompanied by an immediate delivery, and be followed by an actual and continued change of possession of the property mortgaged or pledged by such instrument, shall be absolutely void as against the creditors of the mortgagor or person making the same, and as against subsequent purchasers and mortgagees or lien-holders in good faith, unless such instrument or a true copy thereof shall be forthwith deposited with and filed in the office of the County Clerk of the county where the property shall then be situated, or if the mortgagor or person making the same be a resident of this State, then of the county of which he shall at the time be a resident."

So far as it affects the registration of chattel mortgages, the provisions of the last quoted article substantially embrace article 4651 before quoted; but article 3328 undertakes to remedy the evil which existed as above stated by adding the alternative of recording a mortgage made by a person resident of the State in the county of his residence.

The language used in article 3328, as follows, "unless such instrument or a true copy thereof shall be forthwith deposited with and filed in the office of the County Clerk of the county where the property shall be situated," embraces the registration of all chattel mortgages, whether given by residents or non-residents, but fails to relieve the subject of the difficulty before stated, that is, to designate a place for registration in cases in which it is difficult to determine in what county the property is in fact situated, and to meet this trouble the Legislature added the following language: "Or if the mortgagor or person making the same be a resident of the State, then of the county of which he shall at the time be a resident." The disjunctive conjunction "or" as here used is purely and strictly alternative in its effect and expresses that a choice may be made of one of the two places in which the registration of a mortgage may be had. Elliott v. Turner, 52 Eng. Com. Law Rep., 446. In the case cited the court said: "The word 'or' in its ordinary and proper sense is a disjunctive particle; and the meaning of the term 'soft or organzine' is properly either one or the other; and so it ought to be construed unless there be something in the context to give it a different meaning." There is nothing in the context nor in the subject of legislation in this statute to give to the word a different meaning than that in which it is ordinarily used.

There is nothing in the last clause of the sentence under discussion

which limits the right to register chattel mortgages in the county where the property is situated to that class of mortgages given by nonresidents, but it stands broadly expressed as embracing all chattel mortgages, no matter by whom executed; and the second clause, which treats of registration of mortgages executed by residents of the State, cannot be given a full effect except that it be construed as we have before indicated.

We think that the meaning of the language we have been discussing is made clear by transposing it and supplying what is understood so as to read as follows: "Unless such instrument or a true copy thereof shall be forthwith deposited in the office of the County Clerk of the county where the property shall be situated, or in the office of the County Clerk of the county of which the mortgagor or person making the same shall be at the time a resident, in case he be a resident of the State." The phrase "in case he be a resident of the State" adds nothing to the meaning of the clause, but expresses what would be understood. If that language were omitted, a mortgage given by a nonresident could not be recorded in any other than the county in which the property is situated, because there would be no county in which the mortgagor resided in the State in which to make the record.

The case of Chator v. Brunswick Company, 71 Texas, 588, relied upon by counsel for the plaintiff in error, did not involve the validity of a registration made in the county where the mortgaged property was situated, but in that case it appeared from the face of the chattel mortgage that the maker thereof resided in Bowie County, and it did not appear in what county the property was situated. Objection was made that there was no proof that the property was situated in Bowie County and therefore the registration of the mortgage was not shown to be valid. The court held that it appeared from the instrument that the mortgagor was a resident of Bowie County, and that the registration in that county was sufficient under the statute.

We conclude that when the maker of a chattel mortgage is a resident of this State the mortgagee has the choice to record the instrument in the county in which the mortgagor resides or in the county where the property is at the time situated.

We find no error in the judgment in this case and we therefore affirm it.

*Affirmed.*