## N. KOST FURNITURE CO. v. GENERAL FINANCE CO. OF HOUSTON, Inc.

### No. 12571.

Court of Civil Appeals of Texas. Galveston.

July 16, 1953.

Rehearing Denied Oct. 1, 1953.

H. J. Bernard, of Houston, for appellant.

Frank O. Barnes, of Houston, for appellee.

CODY, Justice.

This was an action by appellee against one Harry Showman on a promissory note for the principal sum of $585, which was secured by a chattel mortgage given by him on certain furniture therein described. Appellee also sued appellant, N. Kost Furniture Company, alleging in substance that the appellant had converted to its own use and benefit on December 11, 1951, furniture which was covered by appellee's chattel mortgage lien. Appellee further alleged that it was the owner of a General Electric refrigerator, Model NB8–G, Serial No. 01–111–401, being of the value of

$150, which appellee also alleged appellant had converted on December 11, 1951.

The court rendered a default judgment against Showman on the note for the principal sum of $585 together with interest thereon and together with attorney's fees in the sum of $117. And the court, trying the case between appellee and appellant without a jury, rendered judgment that appellant had on December 11, 1951, wrongfully converted furniture under mortgage to and belonging to appellee, to appellee's damage in the sum of $245 together with interest thereon at the legal rate from December 11, 1951.

In response to appellant's request, the court filed conclusions of fact and law, which, so far as is material on this appeal, were to the effect (a) that the chattel mortgage in question was duly filed for record with the county clerk of Harris County on November 8, 1951, (b) that on December 11, 1951, appellant purchased certain articles of furniture from Showman as evidenced by the instrument introduced by appellant in evidence, (c) that the articles of furniture so purchased by appellant included articles covered by aforesaid chattel mortgage, that at the same time appellant had hauled away the furniture in question it had hauled away the General Electric refrigerator which was the property of appellee but which was in the possession of Showman, and that the reasonable market value of the property so purchased by and taken by appellant was $245, (d) that on December 11, 1951, appellee demanded that appellant surrender the possession of aforesaid articles but that appellant refused said demand—the fact being that appellant had sold the said articles which it received from Showman— and the court concluded as a matter of law that appellant was charged with the knowledge of appellee's mortgage on appellee's said articles of furniture other than the refrigerator and had actual knowledge of the right of appellee in and to the refrigerator.

Appellant duly reserved its exceptions to said conclusions of fact and law and as fully preserved its right to attack on this appeal every conclusion of fact and law made by the court.

We overrule appellant's first point to the effect that the evidence was insufficient to establish the identity of the items bought by appellant with those claimed by appellee. The mortgage recites that the items of furniture covered by the chattel mortgage were located at No. 3318 Belfontaine, No. 4, Houston, Harris County, Texas. The mortgage undertakes to describe the furniture by itemizing same under columns headed "Living Room", "Dining Room", "Bed Room", "Kitchen", "Other Household Furniture." The evidence showed that the furniture in question had been moved from the aforesaid address by Showman at the time appellant purchased same. However, we need not inquire whether the property was described so specifically as to identify it from the description thereof alone contained in the chattel mortgage. For, " * * * if such description suggests inquiries or means of identification which, if pursued, will disclose the property * * * " intended to be covered by the mortgage, the description is sufficient to impute notice. See Radford v. Bacon Securities Co., Tex.Civ. App., 18 S.W.2d 848; Trinity State Bank v. Bowie Contracting Co., Tex.Civ.App., 232 S.W.2d 863. We cannot say, for instance, that when appellant purchased from Showman items described in the instrument which it introduced in evidence as "2 Lamp Tables, No. 2603" and the recorded chattel mortgage had listed thereon under the column "Living Room" the listing of "2 Table Lamps, china base" that appellant was not put on inquiry that it was purchasing items covered by the mortgage. But however that may be, appellee introduced testimony by its representative, a Mr. McNabb, to the effect that Mr. Kost (who was president of appellant Company) admitted to him, when they were going over the matter, that the articles he purchased from Showman were covered by the chattel mortgage. Without further elaboration we find that there was substantial legal evidence to support each of the court's findings of fact. See 41 Tex.Jur. 1265.—

702

Mr. McNabb also testified that Mr. Kost made no claim to the refrigerator at the time of their conversation but stated that he was going to hold onto same until he saw how he came out on the furniture.

We also overrule appellant's second point to the effect that it was not charged with the knowledge of the chattel mortgage as a matter of law. As stated above, the mortgage was duly of record so as to give appellant constructive knowledge of the items of furniture which it covered (and we have held above that it contained a sufficient description).

■ Appellant's third point reads, "The insufficiency of the evidence to establish the value of the furniture in question." We overrule the point. The appellee did not undertake to allege or recover the reasonable *market* value of the property. Said property was second-hand furniture. The measure of damages for loss of or injury to second-hand furniture is not ordinarily the reasonable *market* value. Bolton v. Stewart, Tex.Civ.App., 191 S.W.2d 798, 800, and cases there cited. Appellant did not except to the measure of damages plead by appellee. Nor did appellant except to the court's finding of "the reasonable value of said furniture and refrigerator" as being the sum of $245.00, on the grounds that the court should have found "reasonable *market* value." There was evidence by Mc-Nabb for appellee that the value of the refrigerator alone was $150. Furthermore, Mr. McNabb testified as to the "loan value" of the furniture, and Mr. Kost testified in effect that appellant purchased the furniture from Showman for $190, and resold same at a *low* "marked up" profit of 25% to 30%, thus showing that appellant by resale of the property received in excess of $245. The court was amply warranted in finding from the evidence that the reasonable value of the second-hand furniture involved was $245.

■ Appellant also complains on appeal for the first time that the court below erred in allowing appellee to recover against appellant even though the entire debt owed by Showman may be collected by appellee "from the principal debtor." It is true that appellant asserts that the error is "fundamental", but cites no authority in support of its position. The action so complained of by appellant was harmless as to it, for it has a cause of action as against Showman, who, the evidence shows, has absconded. Showman, having suffered a default judgment to be taken against him, is hardly in a position to complain. The question raised by appellant is academic, and we overrule the point.

Affirmed.

MONTEITH, C. J., not sitting.