

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

November 1, 1967

Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Dear Mr. Resweber:

Opinion No. M-154

Re: Whether the County Tax Assessor-Collector is required under the provisions of H.B. No. 214, Acts 60th Leg. (Art. 1137q, V.P.C.) to accept sworn itemized inventories and issue permits where a business is not defunct, but is merely closing a store at one particular location, and related question.

You have requested an opinion from this office regarding the following questions:

"1. Is the County Tax Assessor and Collector required to accept sworn itemized inventories and issue permits where a business is not defunct, but is merely closing a store at one particular location?

"2. Is the County Tax Assessor and Collector required to accept a sworn itemized statement from a business relating to a store which is located within the County, but which is also located within the territorial boundaries of an incorporated town or city?"

The applicable provisions of the statute, House Bill No. 214, Acts 60th Legislature (Article 1137q, Vernon's Penal Code), governing the questions are as follows:

"Section 1. that the term 'going out of business sale' shall mean any offer to sell to the public or sale to the public of goods, wares and merchandise on the implied or direct representation by word of mouth or written or oral advertising that such sale is in anticipation of the termination of a business at its present location.

". . .

"Sec. 3. To conduct a 'going out of business sale,' *any person, firm, or corporation shall file a sworn itemized inventory with the assessor and collector of taxes of the city or county, which has jurisdiction of his location,* together with a filing fee of $2. Said sworn inventory shall include the following:

(1) Name and address of the owner of the goods,

-715-

wares or merchandise to be sold.

(2) The name and address of the owner of the defunct business, the former stock in trade of which is to be offered for sale, and the full name of such defunct business.

(3) A description of the place where the liquidation sale is to be held.

(4) The commencement and termination date of the liquidation sale.

(5) A complete and detailed inventory of the goods, wares, and merchandise to be offered at the liquidation sale if the owner is conducting said sale in his own name, or such information in the form of a copy of an itemized and descriptive bill of sale from the owner of the defunct business sold to any other person conducting the liquidation sale to be sold at such sale. *Upon receipt thereof by the assessor and collector of taxes of the city or county,* the applicant should be issued a permit for 'going out of business' sale; for 120 days. If at the expiration of the 120 days of the original permit the applicant has not terminated his business, he shall file with the assessor and collector of taxes of the city or county an inventory reflecting the remaining merchandise which shall include the information as stated in the original application and *the assessor and collector of taxes of the city or county shall upon the receipt thereof* and a renewal fee of $2 issue a renewal permit for 120 days; provided however, that at the expiration of the first permit and any subsequent renewal an amended inventory stating any additional items, not included in the original inventory initially filed, which have been offered for sale shall be filed with the authority which received the initial inventory." (Emphasis added)

In an additional memorandum, the question concerning whether the caption violate Article 3, Section 35 of the Texas Constitution has been raised.

Article III, Section 35 is as follows:

"No bill, (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in

its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed."

The caption of House Bill No. 214, 60th Legislature, Regular Session 1967, chapter 434, page 1003, (Article 1137q, Vernon's Penal Code), reads, in part, as follows:

"An Act regulating the 'Going Out of Business'; providing a penalty for violation; providing for severability; and declaring an emergency."

In *Consolidated Underwriters v. Kirby Lumber Co.*, a Commission of Appeals case, 267 S.W. 703, approved and adopted by the Supreme Court, 1924, the Court stated at page 705 the following:

"But it would be useless and impracticable for the title to express all of the provisions of a particular act and the details of each provision. For, in such a case, this introductory matter would amount to a mere repetition of the legislation itself, and would answer no purpose of abbreviated notice.

"As a result, doubtless, of these and other practicable difficulties, while constitutional provisions regarding the expression of the subject-matter in the title of bills have always been held mandatory, still they have been interpreted liberally and substantially and not strictly or literally. *Murphy v. Menard*, 11 Tex. 673; *Austion v. G.,C. & S.F.R.R.Co.*, 45 Tex. 267; *Breen v. T.&P.R.R.Co.*, 44 Tex. 305 . . ."

Accord, *Continental Bus System v. Carney*, 310 S.W.2d 676 (Tex.Civ.App., 1958, error ref.).

The caption meets the test of constitutionality set out in *Stone v. Brown*, 54 Tex. 330; at page 334, wherein the Court stated:

"None of the provisions of a statute should be regarded as unconstitutional where they relate, directly or indirectly, to the same subject, have a mutual connection, and are not foreign to the subject expressed in the title."

Therefore, under the rules promulgated by our courts, the caption of House Bill No. 214 (Article 1137q, Vernon's Penal Code) does not contravene Article 3, Section 35, Constitution of Texas.

The subject of the bill is "going out of business" and despite the fact that "sales" is not specifically mentioned, "sales" is clearly germane, incidental to, and relevant to the subject of "going out of business".

In response to Question No. 1, it is the opinion of this office that the facts furnished are insufficient to determine whether the owner has advertised he is going out of business in such a manner as to come within the scope of the new act. In the event that the owner is merely closing out a store without advertising pursuant to Article 1137q, the owner would not be subject to the Act, and, therefore, the county or city tax assessor collector would not be required to accept sworn itemized inventories and issue permits as provided in Article 1137q. If the owner is merely closing out a store at a particular location and advertises such fact pursuant to Article 1137q, he would be subject to that Act and must comply with the provisions thereof.

In all cases where a business is being terminated or becoming "defunct" at a given location and in connection therewith is conducting a "going out of business sale," the city or county tax assessor-collector, whichever has jursidiction, is required to accept sworn itemized inventories and issue permits, as provided by Article 1137q, Vernon's Penal Code. In our opinion, the word "defunct," as used by the Legislature, in view of the definition of a "going out of business sale," contemplates the termination of a business at a given location and even if the business of the owner continues to operate at other locations.

In response to Question No. 2, we observe that the language throughout the statute provides that the owner can file the statement with the county *or* city tax assessor-collector, whichever has jurisdiction. Inasmuch as the Legislature used the word "or," it would appear that the owner has an election, when there is a county tax assessor-collector and a city tax assessor-collector, to file the sworn list with either. In the case of *Shell Petroleum Corp. v. Royal Petroleum Corp.*, 135 Tex. 12, 137 S.W.2d 753 (1940), it is stated at page 758:

> "In its ordinary use the term 'or' is disjunctive, and alternative in its effect. See the analogous cases of *Oxsheer v. Watt*, 91 Tex. 402, 44 S.W. 67. Unless there is some impelling reason apparent in the context, it should be given its ordinary, rather than a conjunctive meaning."

Should the owner in such situation select the county tax assessor-collector, that officer will be required to accept the list. Therefore, it is the opinion of this office that the answer to Question No. 2 is yes.

### SUMMARY

The caption of House Bill No. 214, 60th Legislature (Article 1137q, Vernon's Penal Code) does not contravene Article III, Section 35, Constitution of Texas, and the statute is not unconstitutional on that ground.

Whenever a business is being terminated or becoming "defunct" at a given location and in connection therewith is conducting a "going out of business sale," the city or county tax assessor-collector, whichever has juris-

provided by Article 1137q, Vernon's Penal Code. The word "defunct" as used by the Legislature, in view of the definition of a "going out of business sale" contemplates the termination of a business at a given location and even if the business of the owner continutes to operate at other locations.

If the owner furnishes a sworn itemized statement to the County Tax Assessor-Collector, relating to a store which is located within a county, and also within the territorial boundaries of an incorporated town or city, the County Tax Assessor and Collector is required to accept same.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Terry Reed Goodman
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns B. Taylor, Co-Chairman
W. V. Geppert
Robert Owen
Ralph Rash
James McCoy

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.