**E. F. HILLIARD, Appellant,**

v.

**Wm. WILKERSON, Mayor of the town of Flower Mound, Texas, Appellee.**

**No. 17410.**

Court of Civil Appeals of Texas, Fort Worth.

March 2, 1973.

Rehearing Denied March 30, 1973.

Shirley W. Peters, Denton, for appellant.

Saner, Jack, Sallinger & Nichols and H. Louis Nichols, Dallas, for appellee.

OPINION

BREWSTER, Justice.

This is a mandamus proceeding brought by E. F. Hilliard, the appellant, against William Wilkerson, Mayor of Flower Mound, Texas, seeking an order compelling

the Mayor to order an election on the proposition of discontinuing certain territory as a part of the town of Flower Mound, Texas, pursuant to the provisions of Art. 975, Vernon's Ann.Civ.St.

At a hearing the trial court sustained the Mayor's special exception that he had made to appellant, Hilliard's, petition, and when Hilliard advised the trial court that he declined to amend, the trial court dismissed appellant's case.

This is an appeal from that decree.

Article 975, V.A.C.S., provides:

"Whenever fifty qualified voters of any territory within the limits of any incorporated town shall sign and present a petition to the mayor of such city, praying that such territory, setting the same out by metes and bounds, be declared no longer a part of such town, the mayor thereof shall order an election within thirty days thereafter to be held at the different voting precincts of said town; and if a majority of the legal voters of said town voting at such election cast their votes in favor of discontinuing said territory as a part of said town, the mayor of said city shall declare such territory no longer a part of said city, and shall enter an order to that effect on the minutes or records of the city council; and from and after the date of such order, said territory shall cease to be a part of said town; provided, no city or town shall thus be reduced to a less area than one square mile or one mile in diameter around the center of the original corporate limits. Acts 1883, p. 99; G.L. vol. 9, p. 405."

Appellant's sworn petition alleged the following facts: that he is a resident and qualified elector of the town of Flower Mound, Texas; that such town is a municipal corporation, organized under Texas General Laws and that William Wilkerson is its Mayor; that on October 14, 1972, he had prepared a petition requesting an election on the proposition of discontinuing certain territory located in the corporate limits of Flower Mound in Denton County, Texas, which territory was described therein by metes and bounds; that 450 other residents of Flower Mound also signed this petition; that more than 50 qualified voters that are residents of the territory sought to be deannexed also signed the petition; *that Flower Mound will not be reduced to an area less than one square mile in the event the area described in the petition is declared to be no longer a part of Flower Mound*; that the petition calling for the election is in the hands of the Mayor; that 30 days have expired since the petition was filed and the Mayor has refused and still refuses to call the election; that the Mayor has the mandatory duty to call the election under Art. 975; and appellant prayed for an order compelling the Mayor to call the election.

The Mayor's answer contained a special exception to the petition on the ground that it was insufficient in law to comply with Art. 975 in that it does not allege facts to show that Flower Mound will not be reduced by such discontinuance to less area than one mile in diameter around the center of the original corporate limits and such allegations are necessary to constitute a cause of action. This was the exception which the trial court sustained.

His answer also contained a general denial and a special denial that Art. 975 places a mandatory duty on him to call the election because in the exercise of his discretion he has determined that the area remaining in Flower Mound, if the land involved was discontinued as asked for, would not leave remaining in Flower Mound an area one mile in diameter around the center of the original corporate limits. He further pleaded that he had examined the area that would remain if such land was discontinued and determined that there would not be remaining in Flower Mound an area consisting of one mile in diameter around the center of the original corporate limits and that for that reason he would not be legally authorized to call such election.

In appellant's one point of error he contends that the trial court erred in dismissing his case and thus holding that the proviso contained at the end of Art. 975, V.A.C.S., does not provide alternate requirements for an election to discontinue territory.

It is appellant's contention that the proper construction of the proviso in this statute is that an election could be had under Article 975 to determine whether a certain described area of a town would be discontinued as a part of such town in two instances, to-wit: (1) if the remaining area in the town, after deducting the area sought to be discontinued, was not less than one square mile, or (2) if the area remaining, after deducting the area sought to be discontinued, was so shaped that it had a diameter of at least one mile around the center of the original corporate limits. In this last instance the area remaining would not necessarily equal one square mile. This is true because a circle with a diameter of one mile will fit inside of one mile square, leaving excess territory around each corner of the square that is not inside of the circle.

The appellant's sworn petition had alleged, in substance, that after the area sought to be discontinued was deducted from the area of the town that the town's area would not thereby be reduced to an area of less than one square mile.

The appellee's position is that under Art. 975, V.A.C.S., that allegation was not enough, and that appellant, in order to state a cause of action for the relief sought, had to also allege as an additional fact that the area remaining after deducting the part that was sought to be discontinued was of such a shape and was so located as to be one mile in diameter around the center of the town's original corporate limits.

Appellee's exception to appellant's petition was sustained and appellant's case was dismissed because his petition did not contain an allegation that the area of the town remaining after deducting the area sought to be discontinued had a diameter of one mile around the center of the town's original corporate limits.

We have determined that the court erred in sustaining appellee's exception and in dismissing the case.

We conclude that the proper construction of the proviso of Art. 975, V.A.C.S., is that an election can be had under that statute in instances (1) where the area remaining after deducting the area sought to be discontinued is not reduced to an area of less than one square mile, or (2) it can also be had in instances where the area remaining after deducting the area sought to be discontinued is even less than one square mile, if the area remaining is of such a size and shape as to be one mile in diameter around the center of the town's original corporate limits.

Since appellant was entitled to have an election called by complying with the provisions of Art. 975, if the area remaining in the town was equal to one square mile, regardless of its shape, it was not necessary, as was held by the trial court, that the petition further allege that the remaining area was also one mile in diameter around the center of the town's original corporate limits.

We will outline our reasons for reaching the conclusions expressed.

█ Where a statute is clear and unambiguous it will be enforced according to its wording. Central Education Agency v. Independent Sch. Dist., 152 Tex. 56, 254 S.W.2d 357 (1953) and State Highway Dept. v. Gorham, 139 Tex. 361, 162 S.W.2d 934 (1942).

In Empire Gas & Fuel Co. v. State, 121 Tex. 138, 47 S.W.2d 265 (1932) the court said at page 271: " 'The . . . fundamental rule in construing statutes is to ascertain and give effect to the intention of the legislature. This intention, however, must be the intention as expressed in the

statute, and where the meaning of the language used is plain, it must be given effect by the courts, or they would be assuming legislative authority.' "

"When the intent is plainly expressed in the language of the statute, it must be given effect without attempting to construe or interpret the law." 53 Tex.Jur.2d 182, Statutes, Sec. 125, note 17.

In State v. W. C. Ward & Sons, 135 S. W. 182 (Tex.Civ.App., 1911, no writ hist.) the court said at page 184: " . . . but in seeking such intent (legislative) the courts are not permitted to ignore the plain and unambiguous language used in the statute and give to it a meaning that its ordinary signification does not import."

In speaking of the meaning of the word "or" when used in its ordinary sense the Supreme Court said in Oxsheer v. Watt, 91 Tex. 402, 44 S.W. 67 (1898) the following: " 'The word "or," in its ordinary and proper sense, is a disjunctive particle; and the meaning of the term "soft or organzine" is properly either one or the other; and so it ought to be construed, unless there be something in the context to give it a different meaning.' "

The Commission of Appeals in an opinion adopted by the Supreme Court in the case of Shell Petroleum Corp. v. Royal Petroleum Corp., 135 Tex. 12, 137 S.W.2d 753 (1940) held that in its ordinary use the term "or" is disjunctive, and alternative in its effect and that unless there is some impelling reason apparent in the context, it should be given its ordinary, rather than a conjunctive meaning.

We find nothing in the statute to indicate to us that the legislature used the word "or" in this statute in any sense other than in its ordinary sense and we see no impelling reason indicated by the context of the statute that makes it apparent to us that we should give the word "or", in construing the statute, any meaning other than its ordinary meaning.

When the word "or" is considered as used in its ordinary sense, the meaning of the words used in the proviso of the statute is clear, the language there is unambiguous, and we are required to give it effect without attempting to construe it to give it another meaning. See 53 Tex.Jur.2d 182, Statutes, Sec. 125, note 17.

Appellee argues that if the statute is construed as we are construing it here that bad results could follow.

In this connection the courts hold that it is not the function of courts to determine what would be a wiser or better statute, for that is the legislature's function. The court's only function is to declare and enforce the law as made by the legislature. And if the statute is defective in any way it is for the legislature, and not the courts, to remedy the defect. 53 Tex. Jur.2d 176, Statutes, Sec. 124.

Also, it is a settled rule of construction that where, after a statute has been construed by a state's highest court, the legislature reenacts the statute, whether by adoption of revised statutes or by amendment, the act of the legislature carries with it the construction previously placed upon the law by the court. See Texas Fidelity & Bonding Co. v. City of Austin, 112 Tex. 229, 246 S.W. 1026 (1922) and 53 Tex.Jur.2d 294, Statutes, Sec. 192.

As is shown by the opinion in Sansom, Mayor v. Mercer, 68 Tex. 488, 5 S.W. 62 (1887) what is now Art. 975, V.A.C.S., was enacted by the legislature in 1883 as Art. 503a. Since then the same statute has been reenacted by the legislature several times with very little change being made in its language. The wording of the provisos are identical.

In the Sansom case, supra, a similar fact situation was involved as is involved here. We have been furnished a copy of the petition that was involved in that case and

such petition described by metes and bounds the area of the town that was sought to be discontinued as a part of the town and then further alleged that "the above described territory includes . . . all . . . of the City of Alvarado except that portion embraced in a circle one mile in diameter around the center of the original corporate limits of said City, that by taking off the above described territory from the City of Alvarado there would still be left a territory one mile in diameter around the center of the original corporate limits of said City."

The petition there did not allege that if such land was discontinued that the land remaining in Alvarado would be an area of not less than one square mile. In fact the allegations of the petition that we have quoted above affirmatively show that the area of Alvarado that would remain after the land in question was discontinued would be a circle with a diameter of one mile around the center of the original corporate limits of said city, and we know that the area of that type circle does not equal a square mile.

If appellee's contentions in this case are correct, then the petition in the Sansom case would also have been fatally defective for not containing an added allegation that the land remaining in the city after the discontinuance would not thereby be reduced to a less area than one square mile.

The Supreme Court in the opinion in the Sansom case, supra, at page 65, said: "We think the averments of the petition for the writ show that it became the duty of appellant to order the election, and that his refusal to do so was not because of any doubt as to the sufficiency of the application, but was arbitrary. They very clearly negative the idea that any lawful excuse existed, and must be deemed sufficient, under the most rigid rule laid down by the authorities, as to the certainty of pleading in suits of this character."

The effect of the holding in the Sansom case was to decree that the word "or" was used by the legislature in the statute that is now Art. 975, V.A.C.S., in its ordinary and usual sense and that the proviso of the statute means that an election can be had under that statute in either of the following instances: (1) where the area remaining in the City after deducting therefrom the area that is to be discontinued is not less than one square mile, or (2) in instances where the area left in the city after deducting therefrom the area sought to be discontinued is so shaped as to have a diameter of at least one mile around the center of the original corporate limits of the city.

Since the legislature reenacted the statute involved after the Supreme Court's construction of it in the Sansom case in 1887 such act of the legislature carries with it the construction that the Supreme Court placed on it in the Sansom case.

The appellant contends that we should reverse and render this case. We disagree. It may be that our holding here, along with the decision in the Sansom case, supra, will control the ultimate decision in the case, but as yet the trial court has not had an opportunity to rule on the merits of this case. The judgment appealed from resulted when appellant refused to amend after the special exception to his petition was sustained.

The judgment is reversed and the case remanded to the trial court.