## PLAINS TRACTOR & EQUIPMENT CO. v. GREAT WEST MILL & ELEVATOR CO.

### No. 4012.

Court of Civil Appeals of Texas. Amarillo.
May 10, 1933.

Rehearing Denied June 7, 1933.

Shannon, Ochsner & Pheiffer, of Amarillo, for appellant.

Cooper & Lumpkin, of Amarillo, for appellee.

MARTIN, Justice.

Appellant sued appellee for the conversion of wheat upon which it claimed a chattel mortgage. The trial court filed findings of fact and conclusions of law, the correctness of which is not questioned here. In these he made a specific finding that the description of the property in appellant's chattel mortgage was insufficient to constitute constructive notive to appellee, and entered judgment accordingly. His action in this particular is the only question presented for review.

Mortgagor, Henry Skypola, was indebted to appellant in the summer of 1930, and on August 11th of that year executed the chattel mortgage in question, which covered several items of personal property, none of which is involved here except the wheat crop.

The material portions of said mortgage are as follows:

"That we, Henry and August Skypola of the County of Randall, State of Texas * * * have granted, bargained, sold and conveyed * * * unto the Plains Tractor & Equipment Co. the following described personal property, to-wit: * * * Three-fourths of three-hundred-seventy acre wheat crop. * * *

"It is understood that the three-hundred-seventy acre wheat crop bears a prior mortgage in favor of John Deer Plow Company. * * * This wheat crop being grown on same land that was used for the crop of 1929–1930. The above property * * * is now owned by grantors and is in their possession and is situated —— miles of the town of —————— in ——————— County, Texas.

"Said land is situated in said county and it is further agreed that the mortgage hereby created on the crop on said land for this year shall attach to all crops raised on said land for this year and any other land grantors may cultivate in said county."

Fact cases differ so much in their details that they are of little value as precedents. General rules have been evolved, however, which in our opinion correctly determine the solution of the question presented. In 11 C. J. 457, it is said: "It is not essential that the description be so specific that the property may be identified by it alone, if such description suggest inquiries or means of identification which, if pursued, will disclose the property conveyed. This rule is based on the maxim, 'That is certain which is capable of being made certain.'"

"Any description in chattel mortgage which will enable third persons to identify the property mortgaged, aided by inquiries which the mortgage itself indicates or directs, is sufficient." Handley v. McDonald & Ely Gin Co. (Tex. Civ. App.) 9 S.W.(2d) 372.

"There should be a designation of the property conveyed, and of the place where it may be found. Not that it is necessary in all cases to describe each article in detail, but the description should be sufficiently specific to enable a third person to go to the place indicated and set the property apart." Farmers' & Merchants' Bank v. Stockdale, 121 Iowa, 752, 96 N. W. 732, 733.

See, especially, the case of Watson v. D. A. Paddleford & Son, 110 Tex. 525, 221 S. W. 569, by the Supreme Court.

It is clear that the property attempted to be described in said mortgage could not be identified from the instrument itself. It is equally clear that it suggests no means of identification nor states any inquiry that, if pursued, would have revealed its identity. Was it the same property that is particularly described in a mortgage to the John Deere Plow Company, to which the instrument refers? Appellant did not see fit to introduce in evidence the John Deere mortgage which might have answered this inquiry. Was it the same land worked by mortgagor during the crop year of 1929–1930, as might be inferred from the language of the mortgage? The court found on this question: "Henry Skypola did not have any individual wheat crop planted for the year 1929–1930. He and his brother August Skypola had 150 acres of this same land in wheat for the crop year of 1930 and had no other wheat planted for said year."

Would an inquiry addressed to Skypola, the mortgagor, have revealed its identity? Even there a third party would have failed to obtain information, as Skypola denied the existence of any mortgage and testified to facts which showed that the wheat crop was included in the mortgage without his knowledge or consent. The language of the mortgage is that the property is situated in ——— county, Tex. Assuming that the mortgage as a whole revealed its location to be Randall county, concerning which we express no opinion, we still have no better description than a "three-fourths of three-hundred-seventy acre wheat crop" somewhere in Randall county. No finding was made that this identical property was all the wheat crop harvested or owned in Randall county by the mortgagor during the crop year 1930–1931.

The appellee had no actual notice of the mortgage. The mortgagor stated at the time the wheat was purchased that the wheat was clear of any incumbrance.

In our opinion the trial court correctly held that appellee purchased the wheat in question for value and without constructive notice of the mortgage in question.

The judgment is affirmed.