## OKLAHOMA WHEAT POOL ELEVATOR CORPORATION et al. v. SYLVESTER.

### No. 4086.

Court of Civil Appeals of Texas. Amarillo.
Nov. 1, 1933.

Rehearing Denied Dec. 13, 1933.

Perry T. Brown, of Farwell, and Roy Wallrabenstein, of Pampa, for appellants.

J. D. Thomas, of Farwell, for appellee.

JACKSON, Justice.

The appellee, M. H. Sylvester, instituted this suit in the county court of Parmer county against the appellants Oklahoma Wheat Pool Elevator Corporation and the Henneman Grain & Seed Company, to recover the sum of $110 for the conversion of wheat upon which appellee had chattel mortgage liens executed by L. W. Ware.

The appellants answered by general demurrer, special exceptions, general denial, and alleged that the appellee had authorized each of them to advance to the mortgagor L. W. Ware expense money for harvesting the crop of wheat alleged to have been converted.

In response to special issues submitted, the jury found, in effect, that the appellee had not authorized the appellants or either of them to advance to L. W. Ware money out of the price of the wheat purchased for harvesting the wheat crop. On these findings judgment was entered that appellee recover from the Oklahoma Wheat Pool Elevator Corporation the sum of $32.58 and from the Henneman Grain & Seed Company the sum of $38.62, and that each pay one-half of the costs of the suit, from which judgment this appeal is prosecuted.

The appellants challenge as error the action of the trial court in overruling their general demurrers to appellee's petition for failing to allege that the conversion occurred in Parmer county, Tex., or at any other place or county in the state.

The omission of such allegation was corrected in a trial amendment filed by appellee with leave of the court, and this contention is not tenable.

■ The appellants urge as error the action of the trial court in overruling their special exception to appellee's petition and permitting him to recover judgment, because the description of the wheat in the mortgages sought to be foreclosed is wholly insufficient to put third parties on notice that appellee's mortgages covered the wheat claimed to have been converted.

The mortgages are in the usual form, and recite, in effect, that L. W. Ware and M. H. Sylvester are both of Parmer county, Tex., and give the date of the notes, the amounts thereof, when payable, the payor and payee, and one of them describes the property mortgaged as: "One hundred acres of wheat now growing on the Southwest ¼ of Section owned by J. E. Shaffer one mile north of Friona, Texas," and the other describes the property mortgaged as: "Twenty-five acres of wheat now growing on J. E. Shaffer farm one mile north of Friona, Texas, in Parmer County."

The testimony discloses that L. W. Ware was a tenant cultivating J. E. Shaffer's farm located about one mile north of Friona in Parmer county, and that he had growing on said farm 125 acres of wheat. O. L. Sullivan testified that at the time he purchased the wheat he knew it was mortgaged; hence the description of the mortgaged wheat purchased by said appellant became immaterial as it admitted actual knowledge of the mortgages.

■■ "A mortgage must be certain in all its essential parts to the point that it be not void for indefiniteness. This requisite of definiteness applies to the description of the property and debt, and the purpose of the instrument to create a security for the payment of the debt. 'That is certain which is capable of being made certain,' is the rule. So that, the sufficiency may be, and often is, aided by inquiries outside the instrument but suggested by language within it. Such matters thus ascertained are legally within the terms of the writing." 9 Tex. Jur. 84, § 9, and authorities cited.

■ "It is not essential that the description be so specific that the property may be identified by it alone, if such description suggest inquiries or means of identification which, if pursued, will disclose the property conveyed." 11 C. J. 457.

See, also, Plains Tractor & Equipment Co. v. Great West Mill & Elevator Co. (Tex. Civ. App.) 60 S.W.(2d) 856.

■ The descriptions of the property in the chattel mortgages which were on record are sufficient, in our opinion, to have put appellants on inquiry which, if pursued, would have enabled them to identify the land and the wheat growing thereon.

■■ Appellants urge as fundamental error the action of the trial court in rendering judgment against them, because he failed to submit to the jury the market value of the wheat purchased at the time and place of the alleged conversion.

There was no objection or exceptions to the court's charge because it was incomplete or for failure to submit the issue on which appellants base their contention of fundamental error and no request for the submission of such issue by either party; but, if appellants had objected to the court's charge for its failure to submit the market value of the wheat converted, it would not, under this record, have presented reversible error. The market value of the wheat was established by the testimony offered by appellants, and was not a controverted issue, and the failure of the court to submit issues which are not controverted is not error. Garrett v. State (Tex. Civ. App.) 51 S.W.(2d) 822.

■ This also disposes of appellants' contention that the court erred in failing to submit to the jury whether the appellants had converted the wheat in controversy, because the appellants admitted purchasing wheat from the tenant, and the record shows without dispute that the appellee received none of the proceeds of the purchase.

The judgment is affirmed.