**HARTMAN et al. v. FIRST NAT. BANK OF ROCKWALL.**

No. 3435.

Court of Civil Appeals of Texas. El Paso.
Oct. 29, 1936.

Rehearing Denied Nov. 19, 1936.

H. M. Wade, of Rockwall, for appellants.
Carl G. Miller, of Rockwall, for appellee.

WALTHALL, Justice.

On April 21, 1934, appellant B. F. Hartman executed and delivered to First National Bank his renewal promissory note in the amount of $428.13, bearing interest and promising to pay cost of collection and attorney fee.

To secure the payment of said note Hartman executed to the Bank a mortgage on the following described personal property: "Now located and situated in the County of Rockwall, State of Texas, to-wit, eighteen grown jersey cows and five jersey heifers."

In the body of the mortgage Hartman said that he was the owner of the mortgaged property, and that so long as the possession of the property is permitted to remain with the mortgagor same should not be sold, mortgaged, or removed from the place above named without the consent of the Bank, etc. On the note is written, "mortgage continued on 25 cows." The mortgage was duly filed for registration and recorded.

This suit was brought by the Bank against Hartman to recover on the renewal note and to foreclose on the mortgage.

Mrs. Annette (Hartman) Kennedy, a sister of Hartman, joined pro forma by her husband, intervened in the suit and set up an indebtedness against Hartman in the sum of $500, due on a promissory note executed to her, with interest and attorney fee, alleged to be due and unpaid, and, to secure the payment of said note, Hartman executed a chattel mortgage on certain cattle fully and very minutely described in the mortgage. Intervener alleged in substance that plaintiff is seeking to foreclose a mortgage against the cattle described in her mortgage, and asks that she have judgment and foreclosure and priority of payment over plaintiff's judgment.

The trial court found that the Bank's chattel mortgage and its recordation anteceded that of intervener's by several months and that the cattle described in the Bank's mortgage are the same cattle as those described in intervener's mortgage. The trial court also found, from the evidence admitted, that the cattle described in the Bank's mortgage were the only cattle owned by Hartman in Rockwall county at the time of the execution of the mortgage, and that any inquiry, reasonably pursued by intervener, before she accepted the mortgage would have definitely identified the cattle, and that the Bank's mortgage covered the cattle described in intervener's mortgage.

The court entered judgment in favor each of intervener and the Bank on their note, and foreclosed the Bank's mortgage lien on the eighteen jersey cows and five jersey heifers.

Only two questions we think necessary to consider.

■ The description of the property as given in the Bank's mortgage is sufficient, we think, to put intervener upon inquiry as to the identity of the property mortgaged. Intervener certainly knew from the recorded mortgage that eighteen grown jersey

**970**

cows and five jersey heifers belonging to her brother Hartman, in Rockwall county, and remaining in his possession at the time the mortgage was given, were included in the mortgage. The evidence does not show that Hartman at that time had other Jersey cattle situated as were the mortgaged cattle. If the description as to the identity of the cattle as given was not sufficient to charge intervener with notice of the mortgage, it was sufficient to put intervener upon inquiry from which, if pursued with ordinary diligence, she would have obtained information that the identical cattle involved were mortgaged. Handley v. McDonald & Ely Gin Co. (Tex.Civ.App.) 9 S.W.(2d) 372, and cases there cited. The record does not show that intervener made any inquiry.

The mortgage instrument did not recite that the eighteen cows and five heifers were the only cattle Hartman had at that time. The trial court permitted the witness who wrote the mortgage to testify, over objection, that at the time the instrument was prepared Hartman told witness that "the mortgage was intended to cover all the cattle he owned at that time."

The evidence admitted goes only to identity of the cattle intended to be included in the mortgage. The foreclosure in the judgment was given only on the number of cattle indicated in the mortgage. We think reversible error is not shown by the admitted evidence.

Finding no reversible error, the case is affirmed.