**HIGHLAND PARK STATE BANK et al.,**
Appellants,

v.

**CONTINENTAL NATIONAL BANK OF
FORT WORTH, Appellee.**

No. 15804.

Court of Civil Appeals of Texas.

Fort Worth.

March 15, 1957.

Rehearing Denied April 12, 1957.

Seipel & Seipel, San Antonio, Brewster, Pannell, Leeton & Dean, and Beale Dean, Fort Worth, for appellants.

Thompson, Walker, Smith & Shannon, and Richard T. Churchill, Fort Worth, for appellee.

RENFRO, Justice.

The plaintiff, Continental National Bank of Fort Worth, sued defendants L. L. Spangler and L. B. Bowen for recovery on a note in the amount of $20,000, and to foreclose a chattel mortgage on certain Holstein dairy cows; and sued defendants Highland Park State Bank of San Antonio, John Houseman and Roger Berset for the value of 48 of said cows allegedly converted by them.

On November 20, 1953, defendants Spangler and Bowen executed a note, due in ninety days, payable to plaintiff, in renewal and extension of previous indebtedness, and on the same date executed and delivered to plaintiff a chattel mortgage on 77 head of Holstein cows. This mortgage was filed for record in Bexar County on November 24, 1953. A prior chattel mortgage, between the same parties covering the same cows, was filed for record in Bexar County on November 17th.

The jury found that 77 head of Holstein cows, belonging to Spangler and Bowen, were located on the Spangler farm, known as Clear View Place, in Bexar County, on the dates the plaintiff's chattel mortgages were filed for record in Bexar County; that the 77 head covered by plaintiff's mortgages were mixed with other Holstein cows of the same description, grade and value; the 77 head were included in a subsequent chattel mortgage made by defendant Spangler to defendant Highland Park State Bank; 60 head of cows sold to defendants Houseman and Berset on August 6, 1954, were taken from the herd of cows which included the 77 described in plaintiff's chattel mortgages, and 26 of the 77 covered by plaintiff's mortgages were included in the 60 sold to Houseman and Berset; the proceeds of the sale of the 60 head to Houseman and Berset were appropriated by Highland Bank; the Highland Bank had actual or sufficient knowledge the cows sold to Houseman and Berset were mortgaged to plaintiff; the description of the 77 head in plaintiff's mortgage was sufficient as to identity of the 77 cows; said 77 cows were included in a chattel mortgage given by Spangler to Highland on December 10, 1953; Highland knew, or should have known, that the identical cows described in plaintiff's mortgage were included in the chattel mortgage given to it by Spangler. In answer to issue No. 25 the jury found that plaintiff expressly or impliedly consented that defendants Bowen and/or Spangler would remain in possession of the cattle described in plaintiff's mortgage, with authority to handle and sell them, and receive the proceeds of any sale made.

Upon motion of the plaintiff, the court disregarded the answer to issue No. 25, and rendered judgment in favor of plaintiff

against Spangler and Bowen, jointly and severally, for the sum of $23,821.02, against all defendants for foreclosure of its chattel mortgage lien on 29 head of Holstein cows in the possession of defendant Bowen, and against the Highland Park State Bank, Houseman and Berset, jointly and severally, for the sum of $14,396.02, said amount being the value of the 77 cattle covered by plaintiff's chattel mortgage, less 29 head in the possession of defendant Bowen.

Bowen and Spangler have not appealed.

The term "appellants" when used herein will refer to Highland Bank, Houseman and Berset, all of whom have appealed from the trial court's judgment.

■ Appellants contend, first, the court improperly commented on evidence in submitting issues Nos. 4, 8, 9, 10, 11 and 12. Issue No. 4 inquired of the jury the minimum number of Holstein cows belonging to Spangler and/or Bowen located on the Clear View Place when plaintiff's November 7th chattel mortgage was filed for record in Bexar County on November 17th; and No. 8 inquired as to the minimum such number on November 24th when the November 20th chattel mortgage was filed in Bexar County. Appellants argue that use of the words "the minimum number" assumed the existence of some number of cows at the place and time about which inquiry was made. Both issues were preceded by unconditional issues making inquiry as to whether there were cows at the place and dates inquired about. The jury having found there were some cows in existence at such designated times and place, we do not consider use of the words "minimum number" to be a comment on the weight of the evidence. Issues Nos. 9, 10, 11 and 12 used the figure "77" in referring to cows covered by plaintiff's mortgages. Before reaching the latter issues the jury had, in answer to the first eight issues, definitely fixed the number of cows mortgaged to plaintiff and located in Bexar County as 77. From our study of the entire charge, we are convinced appellants have shown no re-

versible error under Rule 434, Texas Rules of Civil Procedure. Moreover, the only two witnesses who testified concerning the number of cows bought by Bowen and included in the plaintiff's mortgage were Bowen and Stapleton. Stapleton, at the time the cows arrived at Clear View Place, was Spangler's foreman. At the time of trial he was not in Spangler's employ. Both Bowen and Stapleton testified there were 77 cows sent to Clear View Place. We find no evidence to the contrary. Since the evidence was undisputed, the error, if any, in submitting the issues was harmless.

■ Appellants contend the plaintiff's mortgage was void because of insufficient description.

As between the mortgagee and third persons, that is certain which may be made certain, and it is not essential that the description be so specific that the property may be identified by it alone, if such description suggests inquiries of identification which, if pursued, will disclose the property covered by the mortgage. Trinity State Bank v. Bowie Contracting Co., Tex.Civ.App., 232 S.W.2d 863.

The descriptions in the mortgages, showing the property to be located in Bexar County, Texas, were as follows:

"Located on L. L. Spangler farm known as Clearview Place, on Corpus Christi Highway No. 181 at Hill Top, about 12 miles south of San Antonio, 77 Head Holstein Cows, 2½ years old to 6 years, located on the L. L. Spangler Farm, Elmendorf, Texas. The above described cattle are owned individually one-half by L. B. Bowen and individually one-half by L. L. Spangler, and the undersigned individual owners here confirm that there is no partnership between said individual owners."

"77 Head Holstein Cows, 2½ to 6 years old, located on the L. L. Spangler Farm known as Clearview Place on Highway No. 181 about two miles from Hill Top and one mile from Elmendorf, Texas. The

above described cattle are owned individually one-half by L. B. Bowen and individually one-half by L. L. Spangler, and the undersigned individual owners here confirm that there is no partnership between said individual owners. This chattel mortgage is in renewal and extension of chattel mortgage dated November 7th, 1953, and filed of record in Bexar and Tarrant Counties, Texas, on November 17th, 1953."

The mortgages from Bowen and Spangler to the plaintiff set out the number of cattle, breed, ages, name of owner of farm, name of farm where located, name and number of highway on which the farm was located, distance from San Antonio, and that Bowen and Spangler each owned individually one-half interest in the cows. The jury found that 77 head of cows were on the Clear View farm when the mortgages were filed.

The description in the mortgages was sufficient to disclose that the cows in question were covered by plaintiff's chattel mortgage, and therefore appellants were charged with notice thereof. Ft. Worth Nat. Bank v. Red River Nat. Bank, 18 Tex. 369, 19 S.W. 517; Oxsheer v. Watt, 91 Tex. 124, 41 S.W. 466; Hartman v. First Nat. Bank of Rockwall, Tex.Civ.App., 97 S.W.2d 969.

■■ Appellants argue the court erred in sustaining plaintiff's motion to disregard the jury's answer to Issue No. 25. They point out the cattle were to be in Spangler's possession and were to be sold from his farm; that Thompson, president of plaintiff Bank, testified the two defendants were in the business of buying and selling cattle, and that he (Bowen) could have taken the $20,000 out and squandered it; that Bowen told Thompson in November or December, 1953, that Spangler was setting the cattle up for sale to a Colonel Johnson.

Appellants argue the above testimony shows that plaintiff authorized Bowen to sell the cattle and impliedly consented that Spangler could sell them.

However, we find no evidence in the record indicating that Spangler had either implied or express authority to sell or dispose of the cows.

The chattel mortgage itself contained a provision reading, " * * * so long as the possession of said property is permitted to remain with mortgagor the same shall not be sold, mortgaged or removed from the place above named without the written consent of the bank * * *."

Thompson, president of plaintiff Bank, testified he told Bowen at the time the $20,000 was loaned that when he "sold some cattle and brought the money in, in cash and paid it, well, that transaction was closed as to those cattle * * * that if we were going to loan him cash to go to Iowa and buy cows and pay spot cash for them, that we expected that when the cows that were bought with our bank's money were sold, that he got spot cash and paid us the money for them * * * our bank was expecting him to sell the cattle and collect the money and to apply it on the note, and he, and no one else * * * I told Mr. Bowen at the time I made this twenty thousand dollar loan, that I wouldn't make it to him, under any circumstances, if he and this man Spangler were in partnership; I didn't want a partnership loan and Spangler running around and handling the cattle or handling the money * * * told Bowen * * * when he sold the cows that he was buying to get the cash on the barrel head and bring it in and pay it to the bank. * * *" We do not find that this testimony was disputed by defendant Bowen or any other witness.

Plaintiff's consent that Bowen sell for cash and apply the cash on his and Spangler's indebtedness to plaintiff was not a consent for Spangler to sell the cows on credit. Oats v. Dublin Nat. Bank, 127 Tex. 2, 90 S.W.2d 824.

We have given careful attention to the statement of facts and fail to find any evi-

dence sufficient to warrant a finding contrary to the undisputed testimony of plaintiff's president, and therefore conclude the court did not err in disregarding the jury's answer to issue No. 25.

■ Issue No. 27 inquired if, at a meeting of Spangler's creditors, the plaintiff consented to Highland's receiving 71 cows it got at such meeting. The jury answered "no". Appellants contend the evidence was insufficient to support the answer and the court should have disregarded it.

The evidence shows defendant Bowen, accompanied by attorney Churchill, attended a meeting of Spangler's creditors. Churchill apparently was representing both plaintiff and Bowen. Bowen testified there were between 200 and 300 Holstein cows on the Clear View Place at that time. Bowen was claiming 77 of them were included in the mortgage to plaintiff. The evidence is conflicting as to whether or not Bowen consented for Highland to take 71 cows at that time. One of the officers of appellant Highland testified, however, that neither Churchill nor officer or representative of plaintiff made any statement to the effect it was waiving or would waive its lien on the entire 77 cows covered by the mortgage.

■ The last group of points contends the judgment against Highland, Houseman and Berset should be modified to the extent of reducing the amount adjudged against them to the reasonable value of 26 head, that being the number found by the jury to be included in plaintiff's mortgage sold by Spangler to Houseman and Berset.

The jury found the 77 cows covered by plaintiff's mortgage were mixed with other Holstein cows of the same description, and were included in the chattel mortgage given by Spangler to Highland; that Highland knew or should have known that the 77 head were the identical cattle described in plaintiff's chattel mortgage; that the 60 head sold to defendants Houseman and Berset were taken from the herd of cows which included the 77 head covered by plaintiff's mortgage.

It is undisputed plaintiff's chattel mortgage was filed in Bexar County prior to Highland's mortgage and prior to Highland's participation in the sale to Houseman and Berset.

A junior mortgagee, who with constructive notice of the senior mortgage directs the mortgagor to sell the property by giving consent to the sale and who receives and appropriates all or part of the proceeds of the sale in denial of the rights of the senior mortgagee, becomes jointly liable with the mortgagor for the conversion. Oats v. Dublin Nat. Bank, 127 Tex. 2, 90 S.W. 824; Clark & Boice Lumber Co. v. Commercial Nat. Bank of Jefferson, Tex. Civ.App., 200 S.W. 197; Worth Finance Co. v. Charlie Hillard Motor Co., Tex. Civ.App., 131 S.W.2d 416.

The plaintiff, having filed its mortgages in Bexar County, had a right to assume that parties dealing with Spangler did so with full knowledge that the 77 Holstein cows in question were encumbered. The failure of appellants to inspect the chattel mortgage records, or otherwise protect themselves, was their own misfortune and one for which plaintiff was not responsible. Weeks v. First State Bank of De Kalb, Tex.Civ.App., 207 S.W. 973.

Because of the acts of appellants, plaintiff was denied its right to foreclose its lien on the 77 cows covered by its mortgages. The court did not err in allowing plaintiff recovery against appellants for the value of 48 head, that number being the difference between the 77 covered by the mortgage and the number retained in the possession of defendant Bowen. Oxsheer v. Watt, 91 Tex. 124, 41 S.W. 466; Avery v. Popper, 92 Tex. 337, 48 S.W. 572.

Judgment of the trial court is affirmed.