**J. L. FRANCIS, Appellant,**

v.

**Roy REED, Appellee.**

**No. 7801.**

Court of Civil Appeals of Texas.

Amarillo.

April 15, 1968.

Evans & Vogel, Tulia, for appellant.

W. D. Hollars, Plainview, for appellee.

NORTHCUTT, Justice.

Roy Reed brought suit against Truman E. Price, one of the defendants below, to obtain judgment on two notes and to foreclose chattel mortgage liens covering a certain Ford tractor. After Reed learned that J. L. Francis was claiming a lien on the same tractor, he made Francis a party defendant. Reed's claim is based upon two separate mortgages, one given by Price to Reed dated September 12, 1966, and one given by Price to Southwestern Investment Company dated March 6, 1964, and transferred to Reed by Southwestern Investment Company on December 7, 1966. The description of the tractor in both of these instruments was described as a 1964 tractor, Serial No. 24634 but each gave a different model number.

The claim of Francis is based upon a mortgage given by Price to the First National Bank of Plainview dated January 21, 1964, and renewed and then later foreclosed by judgment entered in the District Court of Hale County, Texas, dated March 10, 1966, and this judgment was transferred to Francis by the bank. The description of the tractor given in the mortgage to the bank and also the judgment foreclosing the lien was one 1963 Ford 6000 tractor, diesel.

The case was tried before the court without a jury and judgment was rendered for plaintiff foreclosing the two chattel mortgage liens against said tractor which the court found were first and superior liens over any lien held by defendant Francis.

It is to be noticed that the two mortgages described the tractor as a 1964 Ford. The court hereby held in effect the description given in the mortgage given to the First National Bank of Plainview was not sufficient to put appellee on inquiry as to the property that was mortgaged, although appellee's mortgages were upon a 1964 tractor. The judgment here rendered gave appellee a first lien on a 1963 tractor and from that judgment Francis perfected this appeal. Reed will hereafter be referred to as appellee and Francis as appellant.

The instruments, transactions and descriptions were as follows:

"(1) Price executed a chattel mortgage covering the tractor to E. K. Hufstedler & Son, hereinafter referred to as Hufstedler, which was recorded in Hale County, Texas, on August 9, 1963; the mortgage described the tractor as 'one new Ford 61106–D–NB–N5–43–52 tractor #246634.' On March 9, 1964, Don Hufstedler wrote across the face of this note and chattel mortgage 'paid in full 9 March 64 Don Hufstedler', and the Hale County Chattel Mortgage Records Index shows 'Released by order on file 3–9–64, Mildred Tucker, Co. Clerk, by Mrs. J. N. Kennon, Deputy.'

(2) Price executed a chattel mortgage on January 21, 1964, covering the same tractor to the First National Bank of Plainview, Plainview, Texas, which was recorded in Floyd County, Texas, on January 24, 1964, and which describes the tractor as '1963 Ford 6000 tractor, diesel.' This lien was renewed and extended on January 22, 1965, by the execution by Price to said Bank of a new chattel mortgage covering the tractor, which was recorded in Hale County, Texas, on January 26, 1965, and described the tractor as '1963 Ford 6000 diesel tractor.' This chattel mortgage was foreclosed on March 10, 1966, and said bank transferred its judgment to defendant on May 11, 1966, and said transfer was filed January 31, 1967.

(3) On March 10, 1964 (subsequent to the filing of record in Floyd County of the first mortgage to the Bank) a chattel mortgage covering the same tractor executed by Price to Southwestern Investment Company, hereinafter referred to as S. I. C., was filed for record in Floyd County, Texas. This mortgage was dated March 6, 1964. This mortgage described the tractor as '1964 Ford 6000 Tractor Custom Cab 6-row tool bar Model No. 61106 D–S Serial No. 24634.' This mortgage was assigned to plaintiff on December 7, 1966. On September 12, 1966, Price gave plaintiff a chattel mortgage on the tractor, which expressly showed that it was second to the lien to S. I. C. It described the tractor as 'one 1964 Ford tractor, Serial Number 24634, Model Number D561106, gearbox number 2CS C3NN 7D202A'. These are the two mortgages which plaintiff filed suit to foreclose and upon which the Court rendered judgment for the plaintiff."

The court, in the findings of fact, found the same facts as above stated. The court's conclusion of law was as follows:

"The Court finds that Roy Reed holds first and superior liens over any liens held by J. L. Francis by reason of the inadequacy of the description in the chattel mortgage executed by Truman E. Price to the First National Bank as opposed to the more definite and ascertainable description set forth in the prior and subsequent dated chattel mortgages to E. K. Hufstedler and Son, Southwestern Investment Company, and Roy Reed.

That the First National Bank had constructive notice as a matter of law of a possible prior mortgage on said tractor, even if the mortgage purported to describe the same tractor."

It is true the Hufstedler mortgage was on record when the mortgage was given to the First National Bank, but on March 9, 1964, Hufstedler released the note and mortgage as paid in full. At that time the First

National Bank, since this mortgage was on record as of January 24, 1964, became a first lienholder superior to any claim of appellee because the first claim appellee had was based upon the mortgage given to Southwestern Investment Company dated March 6, 1964. The case was tried on the theory that each of the parties were claiming a first lien on the same tractor. Then the question reverts to the issue as to whether the description in the first lien is sufficient to give proper notice to another securing a mortgage.

The record clearly shows that the First National Bank of Plainview, Plainview, Texas, had a first lien on record to any claim of appellee if the description given as one 1963 Ford 6000 tractor, diesel, is sufficient to suggest inquiry, which if pursued, would disclose property intended to be covered by the mortgage.

It is stated in Finger Furniture Co. v. Chase Manhattan Bank, Tex.Civ.App., 413 S.W.2d 131 (n. r. e.) as follows:

"It is significant that Finger does not claim to be an innocent purchaser without notice of Chase's chattel mortgage, but rather is a prior mortgagee that failed to record its mortgage before the time Chase's mortgage attached to the property. Clearly, the chattel mortgage was adequate as to the parties thereto. As between the mortgagee and third parties, it is not essential that the description be so specific that the property may be identified by it alone, if such description suggests inquiries or means of identification which, if pursued, will disclose the property covered by the mortgage. Anderson-Dunham, Inc. v. Lee Rubber & Tire Corp., Tex.Civ.App., 378 S.W.2d 99, writ ref'd n. r. e.; Highland Park State Bank v. Continental Nat. Bank of Fort Worth, Tex.Civ.App., 300 S.W.2d 304, writ ref'd n. r. e.; Trinity State Bank v. Bowie Contracting Co., Tex.Civ.App., 232 S.W.2d 863, writ dism'd; Plains Tractor & Equipment Co. v. Great West Mill & Elevator Co., Tex.Civ.App., 60 S.W.2d 856, writ ref'd."

We are of the opinion, and so hold, that the description given in the mortgage held by the First National Bank of Plainview and foreclosed upon was sufficient to suggest inquiry by appellee which, if pursued, would have disclosed the property covered by the mortgage was the same tractor upon which he was accepting the mortgage. Judgment of the trial court is reversed and judgment here rendered that the mortgage held by the appellant, J. L. Francis, and the judgment foreclosing the same, is a first and superior lien to that held by the appellee as to the tractor here involved.