MARINE DRILLING CO., Appellant,

v.

HOBBS TRAILERS, A DIVISION OF FRUEHAUF CORP., Appellee.

No. 13–85–161–CV.

Court of Appeals of Texas, Corpus Christi.

Sept. 19, 1985.

Rehearing Denied Oct. 17, 1985.

Kenneth R. Hannam, Corpus Christi, for appellant.

John S. Warren, Corpus Christi, for appellee.

Before NYE, C.J., and BENAVIDES and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a judgment in the amount of $7,500.00 granted in favor of appellee, Hobbs Trailers, A Division of Fruehauf Corporation (herein Hobbs), and against appellant, Marine Drilling Company (herein Marine). We affirm the judgment of the trial court.

Hobbs Trailers claimed a lien on a 1976 Ford forklift as security for payment of a promissory note in the principal sum of $7,776.17, which was executed by W.E. Hamilton Trucking Company to Hobbs and dated April 8, 1983. To perfect its lien, Hobbs filed a Uniform Commercial Code 1 Financing Statement (UCC–1) in the office of the Secretary of State on April 25, 1983.

*See* TEX.BUS. & COM.CODE ANN. § 9.401(a)(3) (Vernon Supp.1985).[1]

On or about August 24, 1983, appellant Marine purchased this same piece of equipment from Ed Hamilton, President of Hamilton Trucking Co., for $7,500.00. Marine had no actual knowledge of Hobbs' lien on the forklift when it was purchased. In January of 1984, Hobbs learned that the forklift which was pledged as collateral on its promissory note was sold. Hamilton Trucking Co. had filed bankruptcy and was in default in payment of the note owing to Hobbs. Hobbs requested Marine to return the forklift or pay the fair market value of the collateral ($7,500.00). Marine denied having possession of the collateral described and refused to pay, leading to Hobbs' suit for conversion against Marine. Based on the jury's answers to special issues, the trial court rendered judgment in favor of Hobbs and against Marine for actual damages of $7,500.00. Marine appeals from this judgment.

In two points of error, Marine contends that there is no evidence or, alternatively, insufficient evidence to support the jury's answer to special issue number one that the financing statement filed by Hobbs was sufficient to put a reasonably prudent person on notice of the lien upon the property in question. The crux of Marine's argument is that an examination of the description of the equipment as provided in the financing statement, when compared with the facts available to Marine when purchasing the equipment, defeats the jury's finding that the financing statement was sufficient to put a third party, including Marine, on notice of the claimed security interest.[2]

In considering a "no evidence" or "insufficient evidence" point of error, we will follow the well established test set forth in *Glover v. Texas General Indemnity Company*, 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *Allied Finance Company v. Garza*, 626 S.W.2d

---

1. On April 28, 1983, Hobbs Trailers also filed a financing statement with the County Clerk in Reeves County, Texas, which is where this piece of equipment was located at that time.

2. The formal requisites for a financing statement are set forth in Section 9.402, TEX.BUS. & COM.CODE ANN. (Vernon Supp.1985).

120 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.); CALVERT, *No Evidence and Insufficient Evidence Points of Error*, 38 Tex.L.Rev. 361 (1960).

Section 9.110, Texas Business and Commerce Code, dealing with sufficiency of description, provides:

"Except as provided in Subsections (c) and (f) of Section 9.402, any description of personal property or real estate is sufficient for the purposes of this chapter whether or not it is specific if it *reasonably identifies what is described.*" (Emphasis added.)

Initially we note that there is no direct evidence that Marine, or anyone else acting on their behalf, ever inquired with the office of the Secretary of State, or even of the County Clerk of Reeves County, about a possible financing statement on the forklift before they bought it. Mr. Kipling Ford Layton, an officer and director of Marine, testified that a company employee, now deceased, may have telephoned or sent some request to the Secretary of State for financing statement information in the name of W.E. Hamilton Trucking Co., Inc. Layton testified that, if Marine had made some attempt to check such financing statement filings at the time it was purchasing the equipment, there should have been a record on file. After checking Marine's records, Layton testified he was unable to find any evidence that any such check was made.

Regardless of Marine's apparent failure to inquire, the question we are obliged to answer is whether the financing statement filed by Hobbs reasonably identified the property described as collateral. The description contained in a financing statement need only be sufficient to put a third party on notice that there *may* be a security interest in the debtor's property. *Villa v. Alvarado State Bank*, 611 S.W.2d 483, 487 (Tex.Civ.App.—Waco 1981, no writ); *see McGehee v. Exchange Bank & Trust Co.*, 561 S.W.2d 926 (Tex.Civ.App.—Waco 1978, writ ref'd n.r.e.). It is not essential that the description be so specific that the property may be identified by it

alone, if such description suggests inquiries or means of identification which, if pursued, will disclose the property covered by the mortgage. *Finger Furniture Co. v. Chase Manhattan Bank*, 413 S.W.2d 131 (Tex.Civ.App.—San Antonio 1967, writ ref'd n.r.e.) (and cases cited therein on page 135). In other words, once put on sufficient notice or suspicion, a third party must then make inquiry to discover the complete nature of the agreement between the debtor and his creditor. *See Villa v. Alvarado State Bank*, 611 S.W.2d at 487.

The financing statement filed by Hobbs in this case contained the following description of the property identified as collateral for Hamilton's debt:

"(1) 1976 Ford Forklift s/n 45614."

If we compare the above description in the financing statement with the "true facts" as developed by the record, we see that this forklift which was pledged to Hobbs is, in fact, the same forklift purchased by Marine. This fact was never disputed by Marine.

As to the model year of the forklift, Edward Hamilton testified, by deposition, that the piece of equipment in question was a " '76 Ford Forklift." He testified that he provided this description information to one of Hobbs' sales representatives for purposes of executing the promissory note to Hobbs. Hamilton also identified a copy of the sales receipt that he gave to Marine several days *after* Marine contacted him to tell him they would purchase the forklift. He explained that he gave Marine a copy of this receipt when he went to the main office to get his check for $7,500.00. Marine contends that the piece of equipment itself, including the labels thereon, and the sales receipt (even though received after the initial agreement to purchase the forklift), represent all information relied on by Marine at the time of purchase. The descriptive portion of the sales receipt is as follows:

"1—1975 K D Lift-Truck

Model No. 452 DI

Serial No. 452 614/22"

The receipt also stated: "This is to certify this vehicle is free of all liens and indebtedness," and was signed by Hamilton. Marine presented no other evidence as to whether the forklift was a 1975 model as specified in Marine's receipt or a 1976 model as specified in Hobbs' financing statement. Moreover, the model year does not appear on the equipment itself.

Next, an examination of the equipment photograph shows what appears to be a forklift with large "K D" letters marking the "back casing of the loader." Hamilton testified that, in addition to the term "forklift," this piece of equipment is also referred to as a "towmotor" or a "lift truck." The evidence also shows that there are no Ford labels on this forklift, although Hamilton testified that the equipment is a "Ford tractor backwards." He explained that K D manufacturer starts with a piece of Ford equipment (i.e., a Ford engine and chassis), modifies it with its equipment and then stamps the forklift with the K D insignia. With reference to the model number shown on the sales receipt (452 DI), this bit of information is not listed in Hobbs' financing statement, and there is no conflicting evidence on this matter.

█ Finally, the serial number has an error in it, the true number being 452614 with an additional 22 (which was encircled) immediately following, whereas Hobbs' financing statement showed the serial number to be 45614, thus deleting the third numeral "2" of the six-digit number. We find this inaccuracy to be minor in nature and not such as to mislead any person examining the recorded financing statement. *See McGehee v. Exchange Bank & Trust Co.*, 561 S.W.2d at 932; *Francis v. Reed*, 428 S.W.2d 356 (Tex.Civ.App.—Amarillo 1968, no writ).

█ Finally, we are of the opinion, and so hold, that the evidence is legally and factually sufficient to support the jury's answer to special issue No. 1: that such financing statement, as filed, constituted constructive notice of Hobbs' claimed security interest to a third-party purchaser. The description contained in Hobbs' financ-

ing statement, when compared with an examination of the equipment itself, revealed sufficient similarities to suggest inquiry by Marine and means of identification which, if pursued, would have disclosed Hobbs' claimed security interest in this same forklift. Such notice is all that was required. TEX.BUS. & COM.CODE ANN., § 9.110. Appellant's first and second points of error are overruled.

The judgment of the trial court is Affirmed.