**LAUREL EXPLOSIVES,
INC., Appellant,**

v.

**FIRST NATIONAL BANK & TRUST
COMPANY OF CORBIN, Appellee.**

**No. 89–CA–1382–MR.**

Court of Appeals of Kentucky.

Sept. 28, 1990.

Discretionary Review Denied
by Supreme Court Feb. 6, 1991.

Darrell L. Saunders, Corbin, for appellant.

Gary W. Brittain, Corbin, for appellee.

Before GUDGEL, LESTER and McDONALD, JJ.

GUDGEL, Judge:

This is an appeal from a summary judgment granted by the Knox Circuit Court in an action involving the priority of security interests in a certain tractor. The sole issue on appeal is whether appellant's one-digit error in listing the serial number of certain secured collateral had the effect of invalidating its security interest in the collateral. We hold that it did not. Hence, we reverse and remand.

In August 1988 appellant Laurel Explosives, Inc. (Laurel) filed an action against H & P Coal Company (H & P) seeking to recover on a debt which was secured by a certain Caterpillar D9H tractor. A default judgment was granted against H & P, and Laurel was adjudged to hold a valid security interest in the Caterpillar D9H tractor.

Subsequently, Laurel was permitted to file a supplemental complaint against appellee First National Bank & Trust Company of Corbin (First National) because First National had actual or constructive possession of the Caterpillar D9H tractor and claimed that it possessed a security interest in the tractor which was superior to appellant's. First National maintained that its security interest, which was perfected more than two years after Laurel's, was superior because the financing statement it filed correctly listed the serial number of the tractor whereas the security agreement Laurel filed as a financing statement contained an error.

Thereafter, cross motions for summary judgment were filed. Laurel's motion was denied because the court found that the one-digit error in listing the tractor's serial number was significant in this particular case and, hence, that the description of the collateral in Laurel's security agreement

was inadequate. Subsequently, the court granted a summary judgment in favor of First National. This appeal followed.

Appellant contends that the court erred by adjudging that its security agreement did not sufficiently describe the tractor so as to give its security interest priority over appellee's. We agree.

Appellant's loan to H & P was secured by only one piece of property, a Caterpillar D9H tractor having the serial number *90V4695.* Unfortunately, appellant's security agreement described the tractor as a "CATERPILLAR D9H # 90V*O* 4695 (TRACTOR)." Appellee subsequently filed two financing statements which listed the tractor as secured collateral. The first described the tractor as "One (1) Caterpillar Tractor D*8* H, Serial No. 90V4695." Appellee's second financing statement correctly described the tractor as "CAT D9H TRACTOR S/N 90V4695."

Appellant argues that the serial number in its security agreement, which erroneously included a zero before the last four digits, was not seriously misleading and that its description gave adequate notice that it claimed a security interest in this particular tractor. We agree.

KRS 355.9–110 dictates that for purposes of Article 9 a description of personal property "is sufficient whether or not it is specific if it reasonably identifies what is described."[1] Moreover, the Official Comment to section 9–110 states as follows:

The requirement of description of collateral (see Section 9–203 and Comment thereto) is evidentiary. The test of sufficiency of a description laid down by this Section is that the description do the job assigned to it—that it make possible the identification of the thing described. Under this rule courts should refuse to follow the holdings, often found in the older chattel mortgage cases, that descriptions are insufficient unless they are of the most exact and detailed nature, the so-called "serial number" test. The same

1. Both KRS 355.9–203, regarding the description of collateral in security agreements, and KRS 355.9–402, regarding the requirements for financing statements, refer to the standard set out in 9–110.

test of reasonable identification applies where a description of real estate is required in a financing statement. See Section 9–402.

Although we have been unable to find a Kentucky case involving making a one-digit error in listing the serial number of secured collateral, there is authority to support appellant's contention that such a minor error does not render the secured party's security agreement unenforceable.

In *Nolin Prod. Credit v. Canmer Deposit Bank*, Ky.App., 726 S.W.2d 693 (1986), a case involving the issue of whether a security agreement was so indefinite as to be unenforceable, this Court surveyed and summarized Kentucky law regarding the sufficiency of a description of secured collateral. We held that:

> [T]he present test to be applied in circumstances such as those now involved is, in effect, an *"inquiry test"* under which a description of collateral is sufficient for either a security agreement or a financing statement if it puts subsequent creditors on notice so that, aided by inquiry, they may reasonably identify the collateral involved. (Emphasis added.)

*Id.* at 697. *See* Annot., 100 A.L.R.3d 10 (1980).

Applying this test to the facts before us, we conclude that if appellee had searched the Knox County Clerk's records prior to taking a security interest in H & P's tractor, it would have found that appellant claimed an interest in a "CATERPILLAR D9H # 90V*O* 4695." Comparing the serial number listed in appellant's agreement (90V04695) with the correct number (90V4695) would have put appellee on notice that appellant might be claiming a security interest in the same tractor. At the very least, the close similarity in serial numbers required appellee to at least make further inquiry.

Further, many jurisdictions have held, in situations similar to the one before us, that a one-digit error in listing the serial number of secured property is a minor error and is not seriously misleading. *See Still Associates v. Murphy*, 358 Mass. 760, 267 N.E.2d 217 (1971) (Massachusetts Supreme Judicial Court held that one-digit error in description of 1967 Dodge D–100 was not seriously misleading); *Eames & Woodcock Insurance Agency, Inc. v. Alles*, 40 U.C.C. Rep.Serv. 1438 (1984) (Massachusetts Superior Court upheld financing statement with three incorrect digits); *Dick Hatfield Chevrolet, Inc. v. Bob Watson Motors, Inc.*, 10 Kan.App.2d 350, 699 P.2d 566, 40 U.C.C.Rep.Serv. 1876 (1985) (Kansas Court of Appeals found addition of extra digit did not render description insufficient); *Marine Drilling Co. v. Hobbs Trailers*, 697 S.W.2d 831, 41 U.C.C.Rep.Serv. 1514 (1985) (Texas Court of Appeals upheld financing statement where one-digit was deleted); *City Bank & Trust Co. v. Warthen Service Co.*, 91 Nev. 293, 535 P.2d 162, 16 U.C.C.Rep.Serv. 1370 (1975) (Nevada Supreme Court found description was sufficient even though first digit was missing).

We view these decisions as being in accord with Kentucky law and consistent with the purposes of the Uniform Commercial Code. KRS 355.1–102. The cases appellee cites, on the other hand, are clearly distinguishable because they involve errors in serial numbers which are so serious that no one would be put on adequate notice as to the existence of a prior security interest. We hold, therefore, that the court erred by finding that the description in appellant's security agreement was inadequate.

The court's judgment is reversed and remanded for further proceedings consistent with the views expressed in this opinion.

All concur.