Richard BISHOP, Appellant

v.

**ALLIANCE BANKING COMPANY,** Appellee.

No. 2012–CA–001605–MR.

Court of Appeals of Kentucky.

Oct. 11, 2013.

Donna R. Hale (argued), Stanton, KY, for appellant.

Roy Fugitt (argued), Winchester, KY, for appellee.

Before ACREE, Chief Judge; MAZE and TAYLOR, Judges.

### OPINION

TAYLOR, Judge:

Richard Bishop brings this appeal from a September 7, 2012, summary judgment of the Estill Circuit Court in favor of Alliance Banking Company (Alliance Bank). We affirm.

On September 10, 2010, Timothy and Candace Elkins executed and delivered a promissory note in the amount of $122,764.21 to Alliance Bank. The promissory note was partially secured by a 1999 Case Backhoe as collateral. In 2010, Alliance Bank filed a financing statement with the Kentucky Secretary of State's Office to perfect its security interest in the Case backhoe pursuant to Kentucky Revised Statutes (KRS) 355.9–310. In the financing statement, the collateral was particularly described as a 1999 Case Backhoe 580L with the serial number of 1100249697.

Eventually, the Elkins defaulted under the terms of the promissory note. On December 20, 2010, Alliance Bank instituted an action against the Elkins for breach of the promissory note and to obtain possession of the Case backhoe. The Elkins failed to appear or otherwise defend against the action. By Judgment and Order of Possession entered September 6, 2011, the circuit court awarded Alliance Bank a judgment against the Elkins for $32,617.21 and attorney's fees of $1,500. The circuit court also adjudicated that Alliance Bank held a prior and superior perfected security interest in the Case backhoe and granted Alliance Bank possession of the backhoe.

Unbeknownst to Alliance Bank, the Elkins had sold the Case backhoe to appellant Richard Bishop on October 18, 2010. Upon learning of this transaction, Alliance Bank also discovered that Timothy Elkins had provided Alliance Bank with an incorrect serial number for the Case backhoe at the time of the filing of the financing statement. Timothy represented the serial number of the Case backhoe to be 1100249697; however, the actual serial number of the Case backhoe was JJG0249697.

On October 10, 2011, Alliance Bank filed a motion to amend its complaint and to add Bishop as a defendant in the action against Elkins. In the amended complaint, Alliance Bank again asserted it held a prior and perfected security interest in the Case backhoe and sought possession thereof. Alliance Bank subsequently filed a motion for summary judgment, asserting that Bishop was not a bona fide purchaser without notice because its security interest in the Case backhoe was properly perfected. Additionally, Alliance Bank claimed that the incorrect serial number on the financing statement did not affect the validity of the security interest. Conversely, Bishop argued that he was a bona fide purchaser of the Case backhoe and did not have notice of Alliance Bank's security interest because of the erroneous serial number set forth in the financing statement. Bishop argued that he purchased the Case backhoe in good faith, for value, and without knowledge of Alliance Bank's security interest thereon.

By summary judgment entered September 7, 2012, the circuit court concluded that Alliance Bank's description of the Case backhoe in its financing statement was sufficient under KRS 355.9–108; thus, it held a perfected security interest thereupon. In so holding, the circuit court reasoned:

> Bishop was under a duty to make an inquiry of the Secretary of State's UCC records and if such inquiry was made [Bishop] would have found that [Alliance Bank] was claiming an interest in a 1999 Case Backhoe 580L Serial # 1100249697. [Bishop] would have then noticed the similarities between the serial numbers on [Alliance Bank's] collateral and the one he was proposing to buy from [Elkins]. [Bishop] would have asked [Elkins] how many 1999 Case Backhoe 580L[s] he owned and he would have called [Alliance Bank] and inquired as to whether [Alliance Bank] claimed

> any interest in the backhoe [Bishop] was about to purchase. There is an affidavit stating that no such Case equipment exists with this type of serial number. There being no genuine issue of material fact and [Alliance Bank] being entitled to judgment as a matter of law and possession of collateral [. . . .]

This appeal follows.

Bishop argues that the circuit court improperly granted summary judgment in favor of Alliance Bank. Summary judgment is proper where the material facts are undisputed and movant is entitled to judgment as a matter of law. Kentucky Rules of Civil Procedure 56; *Steelvest, Inc. v. Scansteel Service Center, Inc.,* 807 S.W.2d 476 (Ky.1991). When reviewing a motion for summary judgment, all facts and inferences are to be viewed in a light most favorable to the nonmoving party. *Steelvest,* 807 S.W.2d 476.

Bishop contends that the circuit court erred by determining that the financing statement sufficiently described the Case backhoe and that Alliance Bank held a perfected security interest in the Case backhoe. For the following reasons, we disagree.

■ Under the Kentucky Uniform Commercial Code (U.C.C.), a description of collateral is sufficient "if it reasonably identifies what is described" in the financing statement or security agreement filed with the Secretary of State. KRS 355.9–108(1); KRS 355.9–504. To determine whether collateral is so reasonably identified, the Court utilizes an "inquiry test:"

> [A] description of collateral is sufficient for either a security agreement or a financing statement if it puts subsequent creditors on notice so that, aided by inquiry, they may reasonably identify the collateral involved.

*Nolin Prod. Credit Ass'n v. Canmer Deposit Bank,* 726 S.W.2d 693, 697 (Ky.App. 1986).

In utilizing the inquiry test herein, the record reveals that Alliance Bank filed a financing statement with the Secretary of State on February 5, 2010. In the financing statement, Alliance Bank specifically described the collateral as a 1999 Case Backhoe 580L with a serial number of 1100249697. The actual serial number for the Case backhoe was JJG0249697. It is obvious that the serial numbers are similar and only differed in the first three digits. Moreover, the financing statement did correctly describe the collateral as a 1999 Case backhoe 580L. Upon these facts, we agree with the circuit court that the description of the Case backhoe was sufficient to have placed Bishop on notice, and when aided by further inquiry, he could have sufficiently identified the Case backhoe he purchased from the Elkins as the same collateral described in Alliance Bank's financing statement.

We are buttressed in our conclusion by an Opinion of the Court of Appeals in *Laurel Explosives, Inc. v. First Nat'l Bank & Trust Co. of Corbin*, 801 S.W.2d 336 (Ky.App.1990), cited to this Court by both parties. In *Laurel Explosives*, appellant filed a security agreement describing the collateral as a "CATERPILLAR D9H### 90VO 4695 (TRACTOR)." *Id.* at 337. However, the correct serial number of the tractor was 90V4695. The Court of Appeals held that the incorrect serial number was not seriously misleading, and with inquiry, appellant could identify the collateral.

Bishop also argues in his brief and at oral argument that he contacted the Powell County Clerk and was told that there were no recorded liens against the Case backhoe. First, the Powell County Clerk would not be the proper location for filing a financing statement to perfect a security interest in equipment in Kentucky. Upon the revised Article 9 of the U.C.C. becoming effective in 2001, the proper place for filing a financing statement where the U.C.C. controls is the office of the Kentucky Secretary of State. KRS 355.9–501(1)(b). Alliance Bank's financing statement was properly filed with the Kentucky Secretary of State and Bishop's reliance on any representations from the Powell County Clerk was misplaced, contrary to law, and otherwise did not create a disputed issue of material fact in this case, even if the county clerk checked the Secretary of State's records for Bishop.

Thus, we conclude that Alliance Bank held a prior and perfected security interest in the Case backhoe. Upon purchasing the Case backhoe from Elkins on October 10, 2010, Bishop was placed on notice as a matter of law of Alliance Bank's perfected security interest and thus was not a bona fide purchaser without notice of the security interest in the Case backhoe. Bishop had a duty to inquire further regarding the bank's lien claim in the backhoe, which in this case, he failed to do. The fact that Bishop may have contacted the Powell County Clerk does not satisfy this inquiry.

We view Bishop's remaining contentions of error as moot or without merit.

In sum, we hold that Alliance Bank's description of the Case backhoe in its financing statement filed with the Secretary of State was sufficient under KRS 355.9–108 and complied with KRS 355.9–504. Accordingly, we are of the opinion that the circuit court properly rendered summary judgment in favor of Alliance Bank.

For the foregoing reasons, the summary judgment of the Estill Circuit Court is affirmed.

ALL CONCUR.